Darryl D. LASSITER, an individual; David L. Gough, an individual; DDL Entertainment, a Georgia corporation; Dorohn Entertainment, a Michigan limited liability corporation, d/b/a 2 Believers Productions, Plaintiffs–Appellants,

v.

TWENTIETH CENTURY FOX FILM CORPORATION, a Delaware corporation; Fox Entertainment Croup, Inc., a Delaware corporation, Defendants–Appellees.

Darryl D. Lassiter, an individual; David L. Gough, an individual; DDL Entertainment, a Georgia corporation; Dorohn Entertainment, a Michigan limited liability corporation, d/b/a 2 Believers Productions, Plaintiffs–Appellants,

v.

Twentieth Century Fox Film Corporation, a Delaware corporation; Fox Entertainment Croup, Inc., a Delaware corporation, Defendants–Appellees.

Nos. 05–55587, 05–55916.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 2007.

Filed April 20, 2007.

James T. Ryan, Esq., Johnson & Rishwain, Los Angeles, CA, Arnold S. Gaines, Esq., Gary Williams Parenti & Gaines, Stuart, FL, for Plaintiffs–Appellants.

Louis P. Petrich, Esq., Leopold Petrich & Smith, PC, Los Angeles, CA, for Defendants–Appellees.

Before: T.G. NELSON and SILVERMAN, Circuit Judges, and LEIGHTON,* District Judge.

* The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *See Funky Films, Inc. v. Time Warner Entm't., Co., L.P.,* 462 F.3d 1072, 1076 (9th Cir.2006) (stating that when direct copying is not at issue, a plaintiff must prove both that the defendant had access to his or her work and that the two works are substantially similar).

2. *See Cavalier v. Random House, Inc.,* 297 F.3d 815, 822 (9th Cir.2002) (noting that summary judgment is appropriate in copyright cases "if the court can conclude, after viewing the evidence and drawing inferences in a manner most favorable to the non-moving party, that no reasonable juror could find *substantial similarity of ideas and expression*").

3. *See Funky Films, Inc.,* 462 F.3d at 1077 (stating that when considering motions for

## MEMORANDUM **

Appellants (collectively "Lassiter") appeal the district court's order granting summary judgment to Appellees (collectively "Fox") on Lassiter's copyright claim and the district court's award of attorney's fees to Fox. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Even assuming that Fox had access to Lassiter's film *Pay the Price* when it created its feature film *Drumline,*[1] no reasonable jury could conclude that the two films were substantially similar.[2] Although *Pay the Price* and *Drumline* contain some broad, general similarities, the protectable elements of the two films contain significant differences and few real similarities.[3] Thus, the district court properly granted summary judgment in favor of Fox.[4]

The record adequately supports the district court's discretionary award of attorney's fees.[5] Thus, the district court did

summary judgment in copyright cases, courts apply only an extrinsic test to analyze objectively whether the protectable elements of two works are substantially similar). The protectable elements analyzed under the extrinsic test are plot, themes, dialogue, mood, setting, pace, characters, and sequence of events. *Id.*

4. *See id.* at 1078 (holding that summary judgment in favor of the defendant was appropriate despite a number of general similarities in two works because an actual reading and watching of the two works "reveal[ed] greater, more significant differences and few real similarities" in any of the extrinsic test factors).

5. *See* 17 U.S.C. § 505 (granting the district court discretion to award attorney's fees to the prevailing party in copyright cases). *See also Mattel, Inc. v. Walking Mountain Productions,* 353 F.3d 792, 815 (9th Cir.2003) (noting that when the district court lists factors supporting its award, but fails to provide reasoning for its conclusions, "we will only remand if the record does not support the district court's decision").

not abuse its discretion.[6]

AFFIRMED.

---

**6.** *See Wall Data Inc. v. Los Angeles County Sheriff's Dept.,* 447 F.3d 769, 787 (9th Cir. 2006) ("We review a district court's decision regarding the award of attorney's fees under the Copyright Act for an abuse of discretion.").

